094-184-00

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **AUSTIN CARTER #400700,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-00090 |
| ) | **CHIEF JUDGE SHARP** |
| **CORRECTIONS CORP. OF AMERICA, et al.,** ) | Jury Demand |
| ) | |
| ) | |
| Defendants. ) | |

_____

**ANSWER OF DEFENDANTS
CORRECTIONS CORPORATION OF AMERICA, CHERRY LINDAMOOD, DANNY
DODD, CHRISTOPHER MCCLAIN, DR. ROBERT COBBLE, BILL MORGAN,
KATHERINE BUTTRAM, AND DEWELL JAMERSON, JR.**
_____

Defendants Corrections Corporation of America ("CCA"), Cherry Lindamood, Danny Dodd, Christopher McClain, Dr. Robert Cobble, Bill Morgan, Katherine Buttram, and Dewell Jamerson, Jr., by and through their undersigned counsel respond to the Plaintiff's Amended Complaint as follows:

**FAILURE TO STATE A CLAIM**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and Defendants deny that there has been a breach of any duty owed to the Plaintiff and/or that Plaintiff suffered any constitutional depravation. Defendants additional rely upon the affirmative defenses as set forth below, as well as their Partial Motion to Dismiss filed in this matter. Furthermore, Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").

1

## GENERAL OBJECTION

Defendants object to the allegations appearing in the Plaintiff's Amended Complaint to the extent that they state legal conclusions and to the form of the pleadings in that they make certain implications beyond the factual assertions alleged. Such apparent or unapparent implications are expressly and unequivocally denied, and Defendants demand strict proof thereof.

## ADMISSIONS AND DENIALS

Defendants rely upon the affirmative defenses as set forth below, as well as their Partial Motion to Dismiss filed in this matter, and assert that at no time did any of the Defendants violate any of the Plaintiff's constitutional rights or any right whatsoever. Defendants further assert that they exercised a degree of care which is reasonable, prudent, proper, and lawful at all times relevant and material hereto.

Defendants admit that Plaintiff, Austin Carter, was an inmate incarcerated at South Central Correctional Facility ("SCCF") during all periods of time relevant to this action. Defendants admit that at all times relevant to this action, Defendants Cherry Lindamood, Danny Dodd, Christopher McClain, Dr. Robert Cobble, Bill Morgan, Katherine Buttram, and Dewell Jamerson, Jr. were employees at SCCF.

Defendants deny the Plaintiff exhausted his administrative remedies as required by the PLRA.

Defendants do not dispute that venue is proper in this Court for any federal questions contained within Plaintiff's Amended Complaint. Defendants do not dispute that this Court has proper jurisdiction over Plaintiff's federal claims. Defendants object to the Court exercising

2

jurisdiction over the stated state law claims and rely upon the grounds further enumerated in its Partial Motion to Dismiss and request that the Court deny pendent jurisdiction.

Defendants further deny that Defendants individually or collectively acted with deliberate indifference towards Plaintiff's health, safety, or welfare and deny that they violated Plaintiff's constitutional rights in any manner whatsoever. Defendants deny that they failed to provide Plaintiff with adequate and appropriate protection, housing, and/or medical care at any time. Defendants deny that they deprived Plaintiff of any constitutional right, deny that there has been a breach of any duty owed to Plaintiff, and further deny that their actions or omissions were the cause of any of Plaintiff's alleged injuries.

## GENERAL DENIAL

All other allegations of the Amended Complaint not admitted, denied or explained are now expressly denied, and Defendants demand strict proof thereof. Defendants deny that the Plaintiff is entitled to any relief under any theory of law and would demand that the Amended Complaint of the Plaintiff be dismissed and that they be awarded their reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 1988.

## AFFIRMATIVE DEFENSES

1. Defendants hereby state that the Amended Complaint of the Plaintiff should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure in that the Plaintiff has failed to set forth a claim upon which relief can be granted against Defendants, therefore, dismissal is appropriate.

2 Defendants deny that they violated Plaintiff's constitutional rights, including the rights secured under the Eighth Amendment of the United States Constitution.

3. Defendants deny that they acted in any manner which could be described as deliberately indifferent to the rights of the Plaintiff, or that they intentionally deprived Plaintiff of any of his constitutional rights.

4. Defendants rely upon any and all immunities, whether absolute and/or qualified and state that, at all times, they acted in good faith without a denial of Plaintiff's constitutional rights. Therefore, Plaintiff is not entitled to any recovery as to these Defendants.

5. Defendants affirmatively rely on the public duty doctrine.

6. Plaintiff is not allowed to assert the theory of *respondeat superior* against these Defendants pursuant to 42 U.S.C. § 1983.

7. Defendants exercised a degree of care which is reasonable, prudent, proper, and lawful at all times relevant and material hereto. These Defendants are not guilty of any act or omission as alleged in Plaintiff's Amended Complaint, and Plaintiff did not sustain any injuries or damages as a result of any act or omission of these Defendants. Therefore, Plaintiff may not recover from any of these Defendants.

8. Defendants affirmatively assert that Plaintiff failed to exhaust his administrative remedies and has failed to comply with, or satisfy, his required obligations under the Prison Litigation Reform Act.

9. Defendants deny that they violated any duty or operational duty that they may have owed to the Plaintiff and further state that any damages allegedly suffered by the Plaintiff were the result of his own intentional, reckless, and/or negligent conduct. Therefore, no fault can be found as to any of these Defendants, nor any liability based upon their actions, and the proximate cause of any alleged damages of the Plaintiff was the responsibility of the Plaintiff himself, or as the result of the conscious, independent, intervening and superseding acts, omissions, or other fault of a third party,

who is not a party to this action and for whom the Defendants have no responsibility, vicarious or otherwise. Accordingly, Defendants rely upon the doctrine of modified comparative fault.

10. Defendants affirmatively state that South Central Correctional Facility was and is accredited and operated pursuant to appropriate policies and procedures concerning the safety, housing, and medical treatment of inmates, and therefore, the Plaintiff may not recover from these Defendants. At all relevant times, Defendants followed the appropriate policies and procedures that were enacted and said policies and procedures are appropriate to protect the Plaintiff's constitutional rights.

11. At all times relevant, the Defendants acted in good faith as reasonable and prudent medical providers, correctional officers or employees under the laws of the State of Tennessee. Defendants were not deliberately indifferent to any constitutional right of the Plaintiff.

12. Defendants further state that all of the medical care, attention, examinations, and recommendations rendered to, or for, the Plaintiff, were proper, usual and customarily accepted medical treatments, examination, and recommendation for the condition of the Plaintiff then and there existing in a correctional setting.

13. Defendants performed each and every medical procedure, and each and every act of medical attention, care, treatment, and examination in a careful, proper, and efficient form, and in the customarily acceptable manner followed by the medical profession in the community and correctional setting at all times material regarding the Plaintiff.

14. At all times relevant, SCCF provided Plaintiff appropriate and reasonably adequate food, clothing shelter, sanitation, medical care, and personal safety. Therefore, Plaintiff suffered no violation of his constitutional rights under the Eighth Amendment.

5

Case 1:15-cv-00090 Document 64 Filed 02/15/16 Page 5 of 7 PageID #: 656

15. Defendants assert statute of limitations as a defense in the event that discovery in this cause of action yields any information which shows that some, or all, of Plaintiff's claims are barred.

16. Defendants affirmatively rely upon their Memorandum of Law in Support of their Partial Motion to Dismiss previously filed in this matter.

17. Defendants affirmatively reserve their right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may became warranted due to discovery or factual developments.

WHEREFORE, PREMISES CONSIDERED, Defendants hereby answer Plaintiff's Amended Complaint, by and through counsel, and demand that Plaintiff's Amended Complaint be dismissed. The Defendants further move that they are entitled to costs reasonable and necessary attorney's fees and expenses pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

**PENTECOST & GLENN, PLLC**

By: s/James I. Pentecost
James I. Pentecost #11640
Attorneys for Defendant
106 Stonebridge Boulevard
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 – Facsimile
jpentecost@pgandr.com

# CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading (Answer of Defendants) by U.S. mail upon the following:

Austin Carter, #400700
South Central Correctional Facility
P.O. Box 279
Clifton, TN 38425

Derrick Schofield
Commissioner, Tenn. Dept. of Correction
Rachel Jackson Building, Sixth Floor
Nashville, TN 37243-0465

Jason Woodall
Tenn. Dept. of Correction
Rachel Jackson Building, Sixth Floor
Nashville, TN 37243-0465

Tony Parker
Tenn. Dept. of Correction
Rachel Jackson Building, Sixth Floor
Nashville, TN 37243-0465

This the 15th day of February, 2016.

By: s/James I. Pentecost
James I. Pentecost