# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| AUSTIN CARTER, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>CORRECTIONS CORP. OF AMERICA, )<br>et al., )<br>)<br>)<br>Defendants. ) | CASE NO. 1:15-0090<br>JUDGE SHARP/KNOWLES<br><br>JURY DEMAND |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se prisoner Plaintiff's "Motion for Temporary Restraining Order and/or Preliminary Injunction." Docket No. 7. Plaintiff has filed a supporting Memorandum of Law (Docket No. 8) and his own Declaration (Docket No. 9). Several Defendants have filed a Response in Opposition to the Motion. Docket No. 65.

Plaintiff began this action by filing a 145-page pro se Complaint against approximately 20 Defendants. Docket No. 1. Plaintiff subsequently amended his Complaint, suing the same Defendants and adding approximately 17 additional pages. Docket No. 6. Plaintiff essentially alleges a number of Eighth Amendment violations, including claims that some Defendants failed to protect him from other inmates, failed to provide him with necessary medical treatment, forced him to be housed in a cell containing black mold, forced him to walk on "wet slippery steps with his hands cuffed behind his back," and refused to repair a leaking pipe in his cell. Subsequently, Plaintiff filed the instant Motion seeking an injunction requiring Defendants, or some of them, to

reclassify Plaintiff and transfer him to Lois M. DeBerry Special Needs Facility ("DSNF") and to order Defendants to retain all video surveillance footage from all housing units at South Central Correctional Facility ("SCCF") for an indefinite period of time.

In his supporting Declaration, Plaintiff avers that he suffers from severe injuries to his lower back, spine, and neck as a result of multiple violent assaults and several slip-and-fall accidents. He states that he "require[s]" therapeutic treatments and prescription strength pain medication, but that those treatments and medications have been discontinued by Defendant John Doe Medical Health Services and Dr. Robert Cobble. He avers that this was done "for no reason other then [*sic*] budgetary concerns in seeking higher profits." He states in part:

> I need to be immediately transferred to *DeBerry Special Needs Facility* in Nashville, Tennessee because this is the only State facility that has the resources necessary to ensure that I receive proper and adequate medical treatment for my serious medical conditions.

Docket No. 9, p. 2. He fears that if he is not immediately transferred and given "the necessary therapeutic treatments," he will become permanently disabled.

He further refers to the fact that "Defendants" have a video surveillance system that monitors and records the housing units at SCCF 24 hours a day. The video footage, however, is only stored for 30 days, after which time the tapes are "recorded over." He avers that the video footage would prove that the direct actions of the "Defendants" at SCCF are responsible for the injuries that he received during a vicious gang assault.

As Defendants correctly recognize, the Sixth Circuit Court of Appeals has stated:

> When deciding whether to issue a preliminary injunction, the district court considers the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2)

> whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The Sixth Circuit has also stated, "These factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction." *Id*.

Defendants argue that, in order to establish an Eighth Amendment violation, Plaintiff must allege acts or omissions that show a deliberate indifference on the part of prison officials to a substantial risk of harm. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A plaintiff must show more than mere negligence in order to establish a claim for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Because prisons are necessarily dangerous places, the Supreme Court has consistently accorded great weight to the professional expertise of correctional officials. *Bell v. Wolfish*, 441 U.S. 520, 548 (1979).

In order to establish an Eighth Amendment violation for inadequate medical care, a plaintiff must show: (1) that he suffered from an objectively serious medical condition and (2) that prison officials subjectively perceived the risk of harm, and disregarded it. *Estelle v. Gamble,* 429 U.S. at 105-06. *See also Alspaugh v. McConnell,* 643 F.3d 162, 169 (6th Cir. 2011); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff has not provided sufficient facts to establish that he faced a sufficiently serious risk of harm or that Defendants deliberately disregarded such a risk related to his failure to protect claims. He has simply recited general statements concerning alleged acts of violence by unnamed individuals on unspecified dates.

Additionally, the irreparable harm necessary to sustain injunctive relief must be actual and imminent, not speculative or unsubstantiated. *Abney v. Amgen, Inc.,* 443 F.3d 540, 552 (6th Cir. 2006). Plaintiff avers that he is threatened with irreparable harm, but his alleged harms are speculative and unsubstantiated.

Finally, it is clearly in the public interest in having the administration of state prisons left to state prison administrators.

In the case at bar, Plaintiff apparently disagrees with his medical care providers and believes that he can be treated appropriately only at DSNF. He has not and cannot show a deliberate indifference on the part of prison officials to a substantial risk of harm. Thus, he cannot show a strong likelihood of success on the merits.

With regard to the videotape issue, Plaintiff's theory appears to be that he has previously been assaulted by gang members at SCCF and he believes that if videotapes are preserved, rather than being recorded over, that will reduce the risk of harm from other inmates, or at least will show the harm that has occurred. As discussed above, however, Plaintiff has not specified which videotapes should be kept or for how long they should be kept.

Plaintiff has cited no authority for the proposition that prisoners have a right under federal law to compel corrections authorities to videotape them in the first instance. Once again, Plaintiff cannot show a strong likelihood of success on the merits or irreparable harm, nor can he show that the public interest favors granting him injunctive relief.

For the foregoing reasons, the undersigned recommends that the instant Motion (Docket No. 7) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge