094-184-00

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| AUSTIN CARTER #400700, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-00090 |
| ) | CHIEF JUDGE SHARP |
| CORRECTIONS CORP. OF AMERICA, et al., ) | Jury Demand |
| ) | |
| ) | |
| Defendants. ) | |

_____

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
_____

Defendants Corrections Corporation of America ("CCA"), Cherry Lindamood, Danny Dodd, Christopher McClain, Dr. Robert Cobble, Bill Morgan, Katherine Buttram, and Dewell Jamerson, Jr. (hereinafter referred to as "Defendants"), by and through counsel, submit this response to Plaintiff's Objection to the Magistrate's Report and Recommendation (D.E. 90) as follows:

**BACKGROUND**

On October 13, 2015, Plaintiff filed his Motion for Temporary Restraining Order and/or Preliminary Injunction and related documents, requesting the Court to: (1) reclassify Plaintiff and transfer him to Lois M. DeBerry Special Needs Facility and (2) order Defendants to retain all video surveillance footage from all housing units at SCCF for an indefinite period of time. (D.E. 7-9). These Defendants filed a Response in Opposition to said Motion, asserting that Plaintiff failed to establish that he is entitled to injunctive relief and that the relief sought was inappropriate. (D.E. 65). On March 17, 2016, Magistrate Judge E. Clifton Knowles issued a

Report and Recommendation, recommending that Plaintiff's Motion be denied in full. (D.E. 84). Plaintiff's now objects to the Magistrate Judge's Report and Recommendation. (D.E. 90).

**ARGUMENT**

The Magistrate Judge's Report and Recommendation was proper and should be adopted in its entirety. In the Report and Recommendation, the Magistrate Judge explained:

> When deciding whether to issue a preliminary injunction, the district court considers the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). In analyzing the Plaintiff's Motion under the above, the Magistrate Judge appropriately determined: (1) that Plaintiff failed to show a strong likelihood of success on the merits, (2) that Plaintiff failed to establish that he would suffer irreparable injury unless the Court granted his Motion, and (3) that the public interest would not be served by issuance of the requested preliminary injury. (*See* D.E. 84).

As it relates to Plaintiff's request for reclassification and transfer, the Magistrate Judge specifically found that "Plaintiff has not provided sufficient facts to establish that he faced a sufficiently serious risk of harm or that Defendants deliberately disregarded such a risk related to his failure to protect claims." (D.E. 84, p. 3). Moreover, the Magistrate Judge explained that "[Plaintiff] has simply recited general statements concerning alleged acts of violence by unnamed individuals on unspecified dates" and that "Plaintiff avers that he is threatened with irreparable harm, but his alleged harms are speculative and unsubstantiated." (D.E. 84, pp. 3-4). The Magistrate Judge further provided, "[Plaintiff] has not and cannot show a deliberate indifference on the part of prison officials to a substantial risk of harm. Thus, he cannot show a strong likelihood of success on the merits." *Id*.

As it relates to Plaintiff's request concerning video surveillance footage, the Magistrate Judge explained that Plaintiff has "cited no authority for the proposition that prisoners have a right under federal law to compel corrections authorities to videotape them…." *Id*. Accordingly, the Magistrate Judge concluded, "Once again, Plaintiff cannot show a strong likelihood of success on the merits or irreparable harm, nor can he show that the public interest favors granting him injunctive relief." *Id*.

In his Objection to the Magistrate Judge's Report and Recommendation (D.E. 90), Plaintiff has simply offered more "general statements" and "speculative and unsubstantiated" allegations. Yet, the Plaintiff has cited no basis in law or fact which should persuade this Court to reject any of the aforementioned findings by the Magistrate Judge.

## CONCLUSION

Injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Based upon the Magistrate Judge's findings and upon the record as a whole, Defendants respectfully assert that Plaintiff has failed to carry this burden, and as a result, respectfully request this Honorable Court to adopt the Report and Recommendation of the Magistrate Judge in its entirety.

Respectfully submitted,

PENTECOST, GLENN, MAULDIN & YORK, PLLC

By: s/James I. Pentecost
James I. Pentecost #11640
J. Austin Stokes #31308
106 Stonebridge Boulevard
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile

*Attorneys for Defendants CCA, Cherry Lindamood, Danny Dodd, Christopher McClain, Dr. Robert Cobble, Bill Morgan, Katherine Buttram, and Dewell Jamerson, Jr.*

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading (Response to Plaintiff's Objection to Court's Report and Recommendation Denying His Motion for Temporary Restraining Order) by U.S. mail upon:

Austin Carter, #400700
140 Macon Way
Hartsville, TN 37074

Herbert H. Slatery III
Jennifer L. Brenner
Office of the Attorney General
Civil Rights and Claims Division
P.O. Box 20207
Nashville, TN 37202-0207

This the 15th day of April, 2016.

By: s/James I. Pentecost
James I. Pentecost