UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| AUSTIN CARTER, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15-0090 |
| | ) | Judge Sharp |
| CORRECTIONS CORP. OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) | |

# ORDER

The Magistrate Judge has issued a Report and Recommendation ("R & R") (Docket No. 84) recommending that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Docket No. 7) be denied. Plaintiff has filed Objections (Docket No. 90) to the R & R.

Plaintiff's objections are conclusory and suffer the same infirmities identified by the Magistrate Judge in denying Plaintiff's request for extraordinary relief. Specifically,

> Plaintiff has not provided sufficient facts to establish that he faced a sufficiently serious risk of harm or that Defendants deliberately disregarded such a risk related to his failure to protect claims. He has simply recited general statements concerning alleged acts of violence by unnamed individuals on unspecified dates.

> Additionally, the irreparable harm necessary to sustain injunctive relief must be actual and imminent, not speculative or unsubstantiated. . . . Plaintiff avers that he is threatened with irreparable harm, but his alleged harms are speculative and unsubstantiated.

> Finally, it is clearly in the public interest in having the administration of state prisons left to state prison administrators.

> In the case at bar, Plaintiff apparently disagrees with his medical care providers and believes that he can be treated appropriately only at DSNF [DeBarry Special Needs Facility]. He has not and cannot show a deliberate indifference on the part of prison officials to a substantial risk of harm. Thus, he cannot show a strong likelihood of

1

success on the merits.

(Docket No. 84 at 2-3).

The Court agrees with those observations. Plaintiff's objections add nothing which would support the issuance of a restraining order or injunction, let alone one that would grant his request that he be moved to another facility. See Griffin v. Berghuis, 563 F. App'x 411, 417-18 (6th Cir. 2014) (internal citations omitted) ("Because 'prison administrators . . . , and not the courts, are to make the difficult judgments concerning institutional operations,' . . . courts afford prison officials 'wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"); Ledger v. Walters, 2000 WL 1434687, at *2 (6th Cir. Sept. 19, 2000) (upholding denial of request for preliminary injunctive relief and noting there was little likelihood of success on the merits since "prisoners generally have no inherent constitutional right to be confined in a particular institution" and noting that prison officials are entitled to deference "in deciding the most appropriate placement for inmates in their custody").

Accordingly, (1) the R & R (Docket No. 84) is hereby ACCEPTED and APPROVED; (2) Plaintiff's Objections (Docket No. 90) are OVERRULED; and (3) and Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Docket No. 7) is hereby DENIED.

It is SO ORDERED.

*[signature: Kevin H. Sharp]*

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE