IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

AUSTIN CARTER,  )
  )
    Plaintiff,  )
  )   No. 1:15-cv-00090
v.  )   Senior Judge Haynes
  )
CORRECTIONS CORPORATION OF  )
AMERICA, et al.,  )
  )
    Defendants.  )

# MEMORANDUM

Plaintiff, Austin Carter, an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this pro se action under § 1983 against the Defendants: Corrections Corporation of America ("CCA"), Damon Hininger, Tony Garfingle, Jason Medlin, Arvil Chapman, Cherry Lindamood, Mark Hacker, Dan Deavers, Katherine Buttram, Danny Dodd, Christopher McClain, Derrick Schofield, Tony Parker, Jason Woodall, Joel Foster, Bryant Williams, Bill Morgan, Robert Cobble, Mrs. Rashti, and Dewell Jamerson, Jr.[1] Plaintiff asserts Eighth Amendment claims for the Defendants' alleged failure to protect, for their deliberate indifference to Plaintiff's serious medical needs, and for unsafe conditions of confinement.

Defendants Schofield, Parker, and Woodall ("TDOC Defendants") filed a motion for summary judgment (Docket Entry No. 80), to which Plaintiff filed a response (Docket Entry No. 89). Defendants CCA, Lindamood, Dodd, McClain, Cobble, Morgan, Buttram, and Jamerson ("SCCF

---

[1]As the Magistrate Judge's Report and Recommendation notes (Docket Entry No. 121 at 1 n.1), the following Defendants have not been served: Hininger, Garfingle, Medlin, Chapman, Hacker, Deavers, Foster, Williams, and Rashti.

Defendants") filed a motion for summary judgment. (Docket Entry No. 95).[2] Plaintiff filed a "cross motion for summary judgment and support memorandum of law." (Docket Entry No. 103). The Court construes this filing as a response to the SCCF Defendants' motion for summary judgment, to which the SCCF Defendants filed a reply (Docket Entry No. 109), and as Plaintiff's independent motion for summary judgment, to which the SCCF Defendants filed a response (Docket Entry No. 110).

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 121) recommending that the motions for summary judgment filed by the TDOC Defendants (Docket Entry No. 80), the SCCF Defendants (Docket Entry No. 95), and Plaintiff (Docket Entry No. 103) be denied due to material factual disputes. The SCCF Defendants filed objections to the Report and Recommendation (Docket Entry No. 131), as did the TDOC Defendants (Docket Entry No. 132).

The SCCF Defendants' specific objections are, in essence: (1) that Plaintiff failed to exhaust properly the grievance process as to any of his claims against the SCCF Defendants; and (2) that the Magistrate Judge erred in finding that Plaintiff's verified amended complaint established material factual disputes as to whether the SCCF Defendants failed to process grievances that Plaintiff submitted. The TDOC Defendants' objections are: (1) that Plaintiff's proof fails to establish that he fully exhausted his grievances; (2) that Plaintiff's proof fails to establish that he filed any grievances that were not processed; and (3) that the three grievances that Plaintiff exhausted do not concern Plaintiff's claims against the TDOC Defendants.

Upon de novo review, the Court **ADOPTS** the Magistrate Judge's Report and

---

[2]The Court earlier dismissed Defendants Morgan and Jamerson from this action with prejudice. (Docket Entry No. 124).

2

Recommendation. For the reasons set forth below, the Court concludes that material factual disputes exist as to whether Plaintiff exhausted his administrative remedies and whether the grievance procedure was unavailable to Plaintiff as to the claims in this action. Thus, summary judgment is inappropriate at this juncture.

A prisoner that files an action to challenge his prison conditions must exhaust all available administrative remedies established by state law. 42 U.S.C. § 1997e(a); see Jones v. Bock, 549 U.S. 199, 218-20 (2007). The prison litigation reform act "requires proper exhaustion," and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). To seek dismissal, a defendant must show that the prisoner failed to exhaust his administrative remedies. Jones, 549 U.S. at 217.

Here, the SCCF grievance chairperson states that SCCF follows that TDOC Policy on inmate grievances. (Docket Entry No. 98, Staggs Declaration, at ¶¶ 2, 4). The undisputed facts reflect that the TDOC Policy requires an inmate to file a grievance with specific details such as "dates, times, and the names of the persons involved" in the occurrence underlying the grievance. (Docket Entry No. 104 at ¶ 5). Under TDOC Policy, a grievance is properly exhausted where the grievance complies with applicable TDOC policies and the inmate appeals any adverse ruling through the TDOC commissioner's office. Id. at ¶ 8.

The TDOC Defendants and the SCCF Defendants argue that Plaintiff's claims against them should be dismissed for Plaintiff's failure to exhaust his administrative remedies. Based on the

affidavit of Benjamin Bean, a TDOC correctional program manager, the TDOC Defendants argue that Plaintiff filed three grievances that do not concern them. (Docket Entry No. 81, TDOC Defendants' Memorandum in Support of Summary Judgment; Docket Entry No. 83, Bean Affidavit). Based on the declaration of Leigh Staggs, the SCCF grievance chairperson, the SCCF Defendants argue that Plaintiff filed three grievances that do not connect them to Plaintiff's claims in this action. (Docket Entry No. 96, Memorandum in Support of Summary Judgment; Docket Entry No. 98, Staggs Declaration).

Yet, the Magistrate Judge found that genuine factual disputes exist as to whether Plaintiff failed to exhaust his administrative remedies. (Docket Entry No. 121 at 27-29). Specifically, the Magistrate Judge found that the following allegations in Plaintiff's verified amended complaint establish a factual:

(40)   Plaintiff avers that he has attempted to exhaust his administrative remedies for each and every claim he is presenting in the instant suit, by filing a grievance pursuant to T.D.O.C. 501.02 and 42 U.S.C. § 1997e and T.C.A. § 41-21-806 . . . .

\* \* \*

(42)   Plaintiff avers that there have been numerous instances wherein he has filed a grievance only to have the said grievances, ignored or thrown away and simply unprocessed.

(Docket Entry No. 6, Amended Complaint, at ¶¶ 40, 42).

In their objections, the SCCF Defendants argue that the Magistrate Judge erred in finding material factual disputes based on Plaintiff's "vague[] alleg[ations] in his Amended Complaint that [he] did submit related grievance(s)." (Docket Entry No. 131 at 4-5). The SCCF Defendants contend that Plaintiff's allegations "fail to provide any admissible evidence whatsoever establishing Plaintiff

4

actually filed a proper grievance(s) concerning his claims, much less provide any admissible evidence concerning the actual written content contained within the alleged grievance(s)." Id. at 131 (citing Anderson v. Bellus, No. 1:14-cv-00128, 2016 WL 4575191 (M.D. Tenn. Aug. 31, 2016). In their objections, the TDOC Defendants similarly argue that "[i]f this, or any other plaintiff is allowed to assert that he exhausted the prison grievance process without any proof, the exhaustion requirement is essentially dispensed with." (Docket Entry No. 132 at 2).

The Court concludes that the Magistrate Judge did not err in finding that Plaintiff's verified amended complaint established a material factual dispute as to whether Plaintiff exhausted his administrative remedies. Plaintiff's amended complaint (Docket Entry No. 6 at 162) is verified by making his allegations under "penalty of perjury." Williams v. Browman, 981 F.2d 901, 904-05 (6th Cir. 1992). A court must consider any specific facts in a plaintiff's verified complaint, and his "allegations 'have the same force and effect as an affidavit' for purposes of responding to a motion for summary judgment." Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) (quoting Williams, 981 F.2d at 905).

In Anderson, this Court dismissed a plaintiff's claims for failure to exhaust where his verified complaint contained general allegations that he did not receive responses to grievances that he filed in the past. 2016 WL 4575191, at *13. There, the Court noted that the plaintiff did "not identify whether these alleged grievances related to the incidents referenced in [the plaintiff's] complaint or to any claims against the Defendants in th[at] action." Id. Here, however, Plaintiff's verified amended complaint specifically states that he filed grievances on his claims in this action. (Docket Entry No. 6, Amended Complaint, at ¶ 40).

The TDOC Defendants also argue that Plaintiff's allegations, even if true, require dismissal

5

because Plaintiff fails to assert that he appealed his grievances to the highest level of appeal. (Docket Entry No. 132 at 2). Yet, taking as true Plaintiff's allegation that his grievances were ignored, thrown away, and unprocessed, (Docket Entry No. 6, Amended Complaint, at ¶ 42), Plaintiff was prevented from following SCCF's grievance procedure. Viewing the evidence in a light most favorable to Plaintiff, as required at this juncture, Plaintiff's verified amended complaint reflects that the grievance procedure was effectively unavailable to Plaintiff. In these circumstances, the Court may not dismiss Plaintiff's claims for failure to exhaust administrative remedies. See Risher v. Lappin, 639 F.3d 236, 240-41 (6th Cir. 2011).

In sum, the Court concludes, as the Magistrate Judge found, that material factual disputes exist as to whether Plaintiff failed to exhaust his administrative remedies for his claims in this action. See Troche v. Crabtree, 814 F.3d 795, 799 (6th Cir. 2016) (holding that an inmate's declaration asserting that he complied with the grievance procedure created a factual dispute as to whether the inmate failed to exhaust his administrative remedies). Thus, the motions for summary judgment filed by the TDOC Defendants (Docket Entry No. 80), the SCCF Defendants (Docket Entry No. 95), and Plaintiff (Docket Entry No. 103) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___12th___ day of January, 2017.

WILLIAM J. HAYNES, JR.
Senior United States District Judge